## CONTINUATION IN SUPPORT OF CRIMINAL COMPLAINT

### AGENT BACKGROUND

1. I have been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) since October of 2018. I am currently assigned to the Detroit Field Division, Lansing Satellite Office. Prior to being assigned to Lansing Satellite Office, I was assigned to the ATF Flint Field Office. Before working for the ATF, I was employed by the Michigan Department of State Police (MSP) for approximately seven years. Before working for MSP, I was a local police officer for the Grand Ledge Police Department for approximately three years. I held numerous positions with the MSP, including Detective Sergeant in the Polygraph Unit and Task Force Officer with the FBI. During my employment with ATF and MSP, I have conducted or participated in numerous criminal investigations focused on firearms, armed drug trafficking, and criminal street gangs, and other violations of federal law.

2. I make this affidavit from personal knowledge based on my participation in this investigation, my review of reports and other materials prepared by those who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

### PROBABLE CAUSE

3. On May 19, 2024, Michigan State Police (MSP) Trooper Fabijancic conducted a traffic stop on a black 2017 Chevrolet Equinox bearing Michigan registration:

ERX1863 (suspect vehicle) near the intersection of Cedar Street and Keller Road in Holt, MI. The traffic stop was initiated as the suspect vehicle was operating with an expired registration (expired January 14, 2024).

4. Tpr. Fabijancic made contact with the driver, identified as Olivia Celeste Hunter (b/f XX/XX/2004), from her Michigan Driver's License. The front seat passenger was identified verbally as "Adam Santos." Police later confirmed that the passenger's full name was Adam Daniel-DeJesus Santos (b/m XX/XX/1997). Santos was wearing a black in color shoulder bag slung across his person. When asked if his identification was in the bag he advised no and did not attempt to look, despite looking multiple other areas in the vehicle and on his person.

5. Tpr. Fabijancic queried both individuals in the Law Enforcement Information Network (LEIN). Hunter's query provided she had a valid license and no warrants. Santos' query provided that he was currently on "Interstate Compact Probation" for the charges of Assault with Dangerous Weapon and Robbery Armed.

6. Tpr. Fabijancic requested consent to search the vehicle from Hunter of which she granted. As such, Tpr. Fabijancic requested Santos exit the vehicle of which he complied. As Santos was exiting the vehicle, Tpr. Fabijancic observed the black bag to still be slung on his person. Santos confirmed that he was on probation and denied having any weapons or contraband on his person. Santos consented to a search of his person.

7. Tpr. Fabijancic began a consent search of Santos' person by starting at his

2

waist band and moving to his short pockets. Promptly after checking his waistband and shorts, Tpr. Fabijancic moved the black bag from the front of his person to the rear. When moving the bag, Tpr. Fabijancic could feel that there was weight to the bag, indicating that something was inside. Tpr. Fabijancic began to unzip the bag, and Santos moved his hands from the top of his head, which was where he was instructed to put them. Santos then attempted to flee, initiating a foot pursuit.

8. A brief struggle ensued at the time an assisting Ingham County Sheriff's Deputy arrived on scene. During the struggle, the black bag became separated from Santos partially spilling some of the contents. While Tpr. Fabijancic and Deputy Braska were securing Santos, the pistol grip of a firearm was observed protruding from inside the black bag. Once secured, Santos stated, "My gun…its on me." Deputy Braska secured the firearm identified as a Llama – Gabilondo Y CIA 9mm semi-automatic pistol bearing S/N: 89947, which contained a magazine with seven (7) rounds of ammunition inside and one chambered round. The pistol was found to have a black grip/frame cover inscribed with "Recover CC3H" attached with black electrical tape. Santos was ultimately arrested and placed into the MSP patrol vehicle. Deputy Braska turned the firearm and ammunition, located on Santos, over to Tpr. Fabijancic for seizure.

9. Santos was read his Miranda Rights by Tpr. Fabijancic which he ultimately agreed he understood and waived his right in order to speak. Santos confirmed that the gun was his and that Hunter did not know that he had a gun. Santos confirmed the black bag belonged to him and that he wanted to take responsibility for everything. Santos was

ultimately transported to the Ingham County Jail where he lodged on weapons violations.

10.   A query of Santos' criminal history was completed by ATF Special Agent (SA) Hurt which yielded the following:

- In 2016, in the Suffolk Superior Court of the Commonwealth of Massachusetts, Santos was charged with Assault & Battery with a Dangerous Weapon, Assault with a Dangerous Weapon Causing Serious Bodily Injury, and Assault to Rob. Ultimately, he was found guilty of all three offenses.
- For the conviction of Assault & Battery with a Dangerous Weapon, Santos was committed to a term of incarceration of 4-8 years.

11.   I am recognized by ATF as having expertise in the interstate travel and manufacture of firearms. The Llama – Gabilondo Y CIA 9mm semi-automatic pistol bearing S/N: 89947 was manufactured outside of the state of Michigan and is a firearm as defined in Chapter 44, Title 18, United States Code.

12.   Based on Santos' prior convictions and sentence in excess of one year, there is probable cause that Santos knew he was a felon at the time of the current offense.

## CONCLUSION

13.   Based on the foregoing, I submit there is probable cause that on May 19, 2024, in the Western District of Michigan, Adam Santos, knowing that he had been

convicted of a felony offense punishable by a term of imprisonment exceeding one year, knowingly possessed, in and affecting commerce, a firearm in violation of 18 U.S.C. § 922(g)(1).